# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTIAN SHATTO,**

        **Plaintiff,**

   -vs-                                    Case No. 6:09-cv-826-Orl-22GJK

**G&H PEST CONTROL INC., and MARK HATCH,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND AMENDED JOINT MOTION FOR APPROVAL OF AMENDED SETTLEMENT AGREEMENT (Doc. No. 36)** |
| **FILED:** | **April 2, 2010** |
| **THEREON** it is **RECOMMENDED** that the Motion be **GRANTED.** | |

    On February 10, 2010, the undersigned held a settlement conference between the parties where all issues, including the Defendants' counterclaims were resolved. Doc. No. 27. At the settlement conference, the parties executed a hand-written settlement agreement. *See* Doc. Nos. 28, 36-1. On March 15, 2010 and April 1, 2010, the parties filed joint motions for the approval of an amended settlement agreement, but both motions were denied without prejudice because

the total settlement proceeds and payment structure reflected in the respective motions and affidavits conflicted with the total settlement proceeds and payment structure contained in the actual settlement agreements attached to the motions. *See* Doc. Nos. 32-35.[1] On April 2, 2010, the Plaintiff and Defendants filed a Second Amended Joint Motion for Approval of FLSA Amended Settlement Agreement (the "Motion"). Doc. No. 36. The parties request approval of their amended agreement (the "Agreement") pursuant to the Fair Labor Standards Act (the "FLSA") and to dismiss the case with prejudice. Doc. No. 36.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

---

[1] The motions sought approval of an amended settlement agreement which included additional terms from the handwritten settlement agreement executed at the settlement conference. *See* Doc. Nos. 32-2; 34-2.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

3

> determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.*[3] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that

---

[3] In the Eleventh Circuit, unpublished opinions are not binding, but are persuasive authority.
[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.
[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

To establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage for unpaid overtime, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 10. The case also involved Plaintiff's claim of retaliation under the FLSA and Defendants' counterclaims for embezzlement, civil theft, and conversion. *See* Doc. Nos. 1 at 6-8; 10 at 6-8. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *See* Doc. Nos. 27, 36.

The Agreement provides for a total of settlement of $15,000.00, representing $10,050.00 payable to Plaintiff for compensatory damages related to Plaintiff's retaliation claim and $4,950.00 payable to Plaintiff's counsel for attorneys' fees and costs. Doc. No. 36-2 at 2.

| PAYMENTS | PLAINTIFF | COUNSEL | TOTAL |
| --- | --- | --- | --- |
| First Payment | $1,250.00 | $1,250.00 | $2,500.00 |
| Second Payment | $1,760.00 | $740.00 | $2,500.00 |
| Third Payment | $1,760.00 | $740.00 | $2,500.00 |
| Fourth Payment | $1,760.00 | $740.00 | $2,500.00 |
| Fifth Payment | $1,760.00 | $740.00 | $2,500.00 |

| | | | |
|---|---|---|---|
| Sixth Payment | $1,760.00 | $740.00 | $2,500.00 |
| **TOTALS** | **$10,050.00** | **$4,950.00** | **$15,000.00** |

No settlement proceeds were allocated in the Agreement for Plaintiff's FLSA overtime violation claim or for Defendants' counterclaims. Doc. No. 36-2 at 2. In the Motion, the parties state that a trial on the merits of the respective claims and counterclaims would ultimately turn on the credibility of the witnesses at trial. Doc. No. 36 at 7. Moreover, the parties agree that Plaintiff's retaliation claim was Plaintiff's most viable claim. *Id*. Because of these facts, the parties agreed to compromise. Doc. No. 36 at 7-8.

Counsel for Plaintiff attaches an affidavit to the Motion. Doc. No. 36-3. The affidavit shows that counsel has been practicing almost exclusively in the area of employment litigation for fourteen years and her hourly rate is $275.00 per hour. Doc. No. 36-3 at ¶ 4. Although not attached to the Motion, Plaintiff's counsel previously filed a detailed time sheet showing the total amount of time she spent on the case. Doc. No. 32-3. That information is summarized below:

| Attorney | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Deborah Frimmel | 107.40 | $275.00 | $29,535.00 |
| **TOTAL** | **107.40** | $275.00 | **$29,535.00** |

Doc. No. 32-3. In her affidavit, Plaintiff's counsel states that she has agreed to cap any attorneys' fees recoverable under the Agreement at 33% of Plaintiff's total recovery and, as a result, Plaintiff will receive $10,050.00 and counsel will receive $4,950.00. Doc. No. 36-3 at ¶¶ 6-7.

After reviewing counsel's affidavit and detailed time sheet, the undersigned recommends that the Court find that counsel's hourly rate and hours expended are reasonable. Accordingly,

the undersigned recommends that the Court find the Agreement in exchange for the parties' release of all claims and dismissal of the action with prejudice to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Motion (Doc. No. 36) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case;

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection to this report and recommendation.**

**RECOMMENDED** in Orlando, Florida on April 5, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
**Presiding District Judge**
**Counsel of Record**